IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01074-ZLW-MEH

QUDSIA QURAISHI,

 Plaintiff,

v.

NO DEFENDANTS NAMED,

 Defendant.

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

 Plaintiff, Qudsia Quraishi, has filed a document in this matter, which has been initially construed as a *pro se* "complaint," along with the required civil cover sheet and filing fee. *See* docket #1.

 The Court must construe the amended complaint liberally because Ms. Quraishi is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *Hall*, 935 F.2d at 1110.

 The "complaint" in this matter is actually a copy of an undated letter and attachments from the Plaintiff to the Acting Director of the Civil Rights and Diversity Division of the National Institute of Standards and Technology in Gaithersburg, Maryland. The document names no defendants nor asserts the Court's jurisdiction or any claim for relief.

 The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).

The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Prolix, vague, or unintelligible pleadings violate the requirements of Fed. R. Civ. P. 8(a), which reads:

> **(a) Claim for Relief**: A pleading that states a claim for relief must contain:
> (1)     a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no jurisdictional support;
> (2)     a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3)     a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a) (2009).

A decision to dismiss a pleading pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the document filed in this matter does not meet the requirements of Fed. R. Civ. P. 8 and that Ms. Quraishi should be given an opportunity to file an Amended Complaint. In order for Ms. Quraishi to state a claim in this Court, she must state with specificity what each named Defendant did to her, when they did it, how their action(s) harmed her, and what specific legal right they violated. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that Ms. Quraishi file, **within thirty days from the date of this Order**, an Amended Complaint that complies with this Order. It is

FURTHER ORDERED that the Clerk of the Court mail to Ms. Quraishi, together with a copy of this Order, two copies of a current Court-approved Complaint form. It is

FURTHER ORDERED that if Ms. Quraishi fails within the time allowed to file an Amended Complaint that complies with this Order, to the Court's satisfaction, the action will be dismissed

without further notice.

Dated at Denver, Colorado, this 4th day of June, 2009.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge