IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01074-ZLW-MEH

QUDSIA QURAISHI, Ph.D.,

    Plaintiff,

v.

CARLOS M. GUTIERREZ, Secretary, Department of Commerce,

    Defendant.

---

### RECOMMENDATION ON MOTION FOR SUMMARY JUDGMENT

---

**Michael E. Hegarty, United States Magistrate Judge.**

Pending before the Court is Defendant's Motion to Dismiss [filed November 16, 2009; docket #17]. Because Defendant submitted evidentiary materials in support of its motion, the motion was converted to a Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56 [docket #21]. By Order of Reference to United States Magistrate Judge, this matter has been referred to me to conduct proceedings in this civil action pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Fed. R. Civ. P. 72(a) and (b). The matter is fully briefed, and the Court recommends that, for the reasons stated herein, the motion be **granted**.[1]

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar*

**BACKGROUND**

Plaintiff, Qudsia Quraishi, instituted this *pro se* action alleging race and sex discrimination and retaliation against her former employer, the Defendant Department of Commerce. The Defendant filed the within motion arguing that Plaintiff did not timely file her lawsuit pursuant to Title VII of the Civil Rights Act of 1964, as amended. Defendant claims that the last day on which Plaintiff was required to file the lawsuit was April 21, 2009 (ninety days following her receipt of a notice of final action from the Equal Employment Opportunity Commission (EEOC)); however, Defendant argues, the documentation reflects that Plaintiff did not attempt to file her complaint until April 23, 2009, and the actual filing of the complaint in this Court did not take place until May 8, 2009. Plaintiff counters that she attempted to file her complaint in Boulder County District Court in "April 2009," but was notified by that court that she needed to file in federal district court. Plaintiff seeks a determination that her complaint was timely filed in this case.

**DISCUSSION**

**I.      Standard of Review**

Summary judgment serves the purpose of testing whether a trial is required. *Heideman v. South Salt Lake City*, 348 F.3d 1182, 1185 (10th Cir. 2003). The Court shall grant summary judgment if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A fact is material if it might affect the outcome of the suit under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party bears the initial responsibility of providing to the Court the factual basis for its motion and identifying the pleadings, depositions, answers to interrogatories, and admissions on file, together

---

*Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

with affidavits, if any, which reveal that there are no genuine issues as to any material facts, and that the party is entitled to summary judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). However, the non-moving party has the burden of showing that there are issues of material fact to be determined. *Id.* at 324.

That is, if the movant properly supports a motion for summary judgment, the opposing party may not rest on the allegations contained in his complaint, but must respond with specific facts showing a genuine factual issue for trial. Fed. R. Civ. P. 56(e); *Hysten v. Burlington Northern & Santa Fe Ry.*, 296 F.3d 1177, 1180 (10th Cir. 2002). These specific facts may be shown "'by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves.'" *Pietrowski v. Town of Dibble*, 134 F.3d 1006, 1008 (10th Cir. 1998) (quoting *Celotex*, 477 U.S. at 324). "[T]he content of summary judgment evidence must be generally admissible and . . . if that evidence is presented in the form of an affidavit, the Rules of Civil Procedure specifically require a certain type of admissibility, *i.e.*, the evidence must be based on personal knowledge." *Bryant v. Farmers Ins. Exch.*, 432 F.3d 1114, 1122 (10th Cir. 2005). "The court views the record and draws all inferences in the light most favorable to the non-moving party." *Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. Pepsico, Inc.*, 431 F.3d 1241, 1255 (10th Cir. 2005).

### III.    Treatment of a Pro Se Plaintiff's Action

A federal court must construe a *pro se* plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted). The Tenth Circuit interpreted this rule to mean, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite

3

the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, this interpretation is qualified in that it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*; *see also Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998) (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)).

**III.    Analysis**

Even drawing all inferences in the light most favorable to her, I find that Plaintiff has failed to show any genuine issue of material fact against Defendant that would justify permitting this case to proceed.

Because plaintiff was a federal employee, the timeliness issue in this case is governed by 42 U.S.C. § 2000e-16(c). *Conkle v. Potter*, 352 F.3d 1333, 1336 (10th Cir. 2003). Under § 2000e-16(c), a federal employee must file a discrimination action in federal district court "[w]ithin 90 days of receipt of notice of final action taken by ... the [EEOC]." 42 U.S.C. § 2000e-16(c). The statute is to be strictly construed. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 94 (1990).

In enacting 42 U.S.C. § 2000e-16(c), Congress clearly intended that a claimant who did not act promptly be deprived of a right to bring a lawsuit. *Palmer v. U.S. Postal Serv.*, 69 F. App'x 419, 421 (10th Cir. 2003) (unpublished). Thus, a plaintiff may not sit by without taking some steps to preserve his or her rights. *See Sec. Nat'l Bank of Enid v. John Deere Co.,* 927 F.2d 519, 520 (10th Cir. 1991) ("At any rate, when it became apparent that the joint stay motion would not be ready, it was incumbent upon plaintiff to take *some* steps to preserve its rights....").

While it is not a jurisdictional prerequisite to filing suit in federal district court, the ninety-day filing requirement "is a condition precedent to suit that functions like a statute of limitations,"

and is subject to waiver, estoppel and equitable tolling. *Million v. Frank,* 47 F.3d 385, 389 (10th Cir. 1995); *see also Irwin*, 498 U.S. at 95. "Courts have narrowly construed equitable exceptions to the time limitations set out in Title VII." *Biester v. Midwest Health Services, Inc.,* 77 F.3d 1264, 1267 (10th Cir. 1996). For example:

> The Tenth Circuit has generally recognized equitable tolling of Title VII time limitations only if the circumstances of the case rise to the level of active deception which might invoke the powers of equity to toll the limitations period. For instance, equitable tolling may be appropriate where a plaintiff has been lulled into inaction by her past employer, state or federal agencies, or the courts. Likewise, if a plaintiff is actively misled, or has in some extraordinary way been prevented from asserting his or her rights, we will permit tolling of the limitations period.

*Id.* at 1267-68 (internal quotations and citations omitted). In fact, while the Supreme Court has allowed equitable tolling in situations where the claimant has actively pursued judicial remedies by filing a defective pleading during the statutory period, it has also determined that principles of equitable tolling do not extend to "garden variety" claims of excusable neglect. *Irwin*, 498 U.S. at 96. Thus, unintentional misdirection by an agency or court, or a misunderstanding of the law, will not suffice to apply equitable tolling of a Title VII statute of limitations. *See Montoya v. Chao*, 296 F.3d 952, 958 (10th Cir. 2002).

Here, Plaintiff does not dispute that she received the notice of final agency action on or before January 21, 2009, the presumed receipt date for the January 16, 2009 notice. *See* docket #17-2 at 3. The ninety-day time limit starts to run on the date the plaintiff receives the EEOC notice of final action. *See Jackson v. Continental Cargo-Denver*, 183 F.3d 1186, 1189 (10th Cir. 1999). Without any intervening acts, then, Plaintiff's complaint based upon allegations made before the EEOC was due to be filed no later than April 21, 2009. In this court, however, Plaintiff's

5

"complaint"[2] was filed on May 8, 2009. Thus, the complaint was filed seventeen days out of time unless the time period is extended through waiver, estoppel or equitable tolling.

The Plaintiff argues that the Court should find her complaint to have been timely filed. She claims that in "April 2009," she contacted the Boulder County District Court "several times" to receive instructions regarding how to file a civil lawsuit. Plaintiff asserts that before mailing her check for filing fees to the state court, she called the court again and was instructed that she should file the lawsuit in federal district court. Plaintiff claims that she then called this Court and received instructions for filing a civil suit, including notice of the required $350.00 payment for filing fees. In support of her contentions, Plaintiff attached copies of several documents evidencing her attempts to file her lawsuit. The first is a letter dated April 23, 2009 and addressed to the 20th Judicial Boulder District Court asserting her wish to file a complaint against the Department of Commerce in that court. Docket #38-2. Also attached is copy of a handwritten check originally made payable to the "20th Judicial Boulder Court District" for $224.00, but the payee and amount are scratched out and replaced with "District Ct. U.S. Colorado" for the amount of $350.00. Docket #38-2. Plaintiff also attached a May 8, 2009 letter from this Court notifying her that her $350.00 check was being returned since her "filing was taken care of by credit card." Docket #38-4. Finally, Plaintiff attached a copy of the previously described letter that was filed in this Court on June 1, 2009. Docket #38-6.

Defendant counters that Plaintiff's documents reflect she failed to file any complaint on or

---

[2]The filing made on May 8, 2009 was actually a copy of a letter the Plaintiff had drafted to the Acting Director of the Civil Rights and Diversity Division in Gaithersburg, Maryland, along with attachments. *See* docket #1. On June 1, 2009, the Plaintiff filed a letter to accompany her "complaint" that is dated April 23, 2009 and addressed to the U.S. District Court. Docket #3. Because the original pleading was defective in failing to identify any claims or a defendant, the Court ordered the Plaintiff to file an Amended Complaint, which she did on July 13, 2009. Dockets #5, 7.

before April 21, 2009. Defendant asserts it is undisputed that Plaintiff never filed anything with the Boulder County District Court and that nothing was filed in this Court until May 8, 2009. The department argues that, even had Plaintiff tried to file in this Court on or about April 23, 2009, pursuant to D.C. Colo. LCivR 3.3, a case is not deemed to be filed until the $350.00 filing fee is paid. Nevertheless, Defendant notes that Plaintiff signed and dated the Civil Cover Sheet, which accompanies the original pleading, on May 1, 2009.

The Court recommends finding that Plaintiff has failed to demonstrate that waiver, estoppel or equitable tolling should be applied in this case. Although the Court typically would equitably toll a statute of limitations during the period in which a defective pleading is corrected, the defective complaint in this case was not filed until May 8, 2009, *after* the statutory period. *See Irwin*, 498 U.S. at 96. Moreover, the Court finds persuasive the date reflected on the Civil Cover Sheet, May 1, 2009, which usually accompanies a complaint upon filing. However, even if the Plaintiff attempted to file the complaint in this Court on April 23, 2009, the earliest date reflected in her documentation, she is still two days outside the filing deadline established by 42 U.S.C. § 2000e-16(c). Plaintiff has argued no basis upon which to apply an estoppel theory or equitable tolling; she does not claim that any court or agency actively misled her or lulled her into inaction in this matter. Instead, she claims that her first attempts to file the lawsuit were made in the wrong court, but upon instruction to file in the correct court, she did so "within the allowed timeline." Docket #38 at 2-3. The Court disagrees and recommends finding that Plaintiff's misunderstanding of the proper court[3] and her subsequent efforts to file her lawsuit constitute a "garden variety" claim of excusable neglect which does not justify application of equitable tolling in this case. Plaintiff has failed to demonstrate

---

[3]The court notes that the January 16, 2009 Notice of Final Agency Action states, "[y]ou have the right to file a civil action in an *appropriate United States District Court* within ninety (90) days from the date that you receive this decision." Docket #17-2 at 1-2 (emphasis added).

any genuine issues of material fact as to the timeliness of her Complaint and, thus, the Court recommends finding that summary judgment is appropriate.

## **CONCLUSION**

Because the Plaintiff filed this civil action more than ninety days after she received the EEOC's final action notice, this Court is barred from considering it. *Belhomme v. Widnall*, 127 F.3d 1214, 1217 (10th Cir. 1997). Pursuant to 28 U.S.C. § 636(b)(1)(B) and D.C. Colo. L.Civ.R 72.1C, I therefore RECOMMEND that Defendant's Motion to Dismiss [filed November 16, 2009; docket #17], which was converted to a Motion for Summary Judgment on November 17, 2009 [docket #21], be **granted**, and that Plaintiff's Complaint against Defendant be **dismissed with prejudice**.

Dated at Denver, Colorado this 10th day of March, 2010.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge