IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Zita Leeson Weinshienk

Civil Action No. 09-cv-01074-ZLW-MEH

QUDSIA QURAISHI, Ph.D,

    Plaintiff,

v.

GARY LOCKE[1], Secretary, Department of Commerce,

    Defendant.

---

## ORDER

---

The matter before the Court is Defendant's Motion To Dismiss (Doc. No. 17). Pursuant to this Court's Order dated May 14, 2009 (Doc. No. 2), all dispositive motions are referred to Magistrate Judge Michael E. Hegarty.[2] On November 17, 2009, Magistrate Judge Hegarty indicated that the Motion To Dismiss was converted to a motion for summary judgment pursuant to Fed. R. Civ. P. 12(d).[3] On March 10, 2010, Magistrate Judge Hegarty issued his Recommendation (Doc. No. 41) that the motion for summary judgment be granted and that this case should be dismissed. Plaintiff timely

---

[1] Gary Locke is substituted as Defendant in this case pursuant to Fed. R. Civ. P. 25(d).

[2] *See* D.C.COLO.LCivR 72.1; 28 U.S.C. § 636(b)(1)(A).

[3] Doc. No. 21.

filed an objection on March 12, 2010.[4] Plaintiff's objection has been liberally construed because she is *pro se*.[5]

The Court has reviewed Plaintiff's objection, the Magistrate Judge's Recommendation, and the original motion, response, and reply. As required by 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3), the Court has reviewed *de novo* the portions of the Recommendations to which Plaintiff objected. The Court overrules these objections and adopts the Recommendation in its entirety.

Plaintiff's Amended Complaint is brought under Title VII.[6] As a federal employee, she was required to file her Title VII complaint within 90 days of receipt of notice of final action by the EEOC.[7] There is a rebuttable presumption that this notice is received within five days of mailing.[8] The EEOC mailed its final denial notice on January 16, 2009. Therefore, Plaintiff had 90 days after receipt, until April 21, 2009, to file suit in this court.

Defendant now, for the first time in this action, argues that she did not receive the EEOC final notice until "the FINAL week of January 2009."[9] The Court overrules this objection. First, the Court finds that Plaintiff has not provided any credible evidence to

---

[4]Doc. No. 42.

[5]*See* Trackwell v. United States, 472 F.3d 1242, 1243 (10th Cir. 2007).

[6]Am. Compl. (Doc. No. 9; July 13, 2009).

[7]42 U.S.C. § 2000e-16(c).

[8]*See* Witt v. Roadway Express, 136 F.3d 1424, 1429 (10th Cir. 1998). Additionally, the EEOC notice clearly indicated that "[f]or timelines purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed." Doc. No. 17-2 at 3.

[9]Reply to Def.'s Resp.To Pl.'s Mot. (Doc. No. 42; Mar. 12, 2010) at 2 ¶ 4(A).

rebut the presumption that she received the notice within five days.[10]  Plaintiff only provides a conclusory, self-serving statement that she didn't receive this notice until the end of January 2009.  This evidence is insufficient, especially considering that this "evidence" was provided only after Plaintiff was put on notice by the Magistrate Judge's Recommendation that the notice received date was critical to this case's outcome.

Additionally, the Court finds that even if the EEOC notice was received in late January 2009, Plaintiff still did not file her complaint by the statutory deadline.  Plaintiff's civil cover sheet attached to her defective complaint is dated May 1, 2009.  Assuming that date as the federal filing date,[11] it still did not occur within the mandatory 90 day deadline.

The Court agrees with the Recommendation that there is no evidence supporting an equitable tolling of the deadline in this case.[12]  Therefore, Plaintiff's suit is time-barred and must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).  Accordingly it is

ORDERED that the Recommendation dated March 10, 2010 (Doc. No. 41) is accepted and adopted in its entirety.  It is

FURTHER ORDERED that Defendant's Motion To Dismiss (Doc. No. 17; Nov. 16, 2009), treated as a motion for summary judgment, is granted.  It is

---

[10] Witt, 136 F.3d at 1429-30.

[11] The more proper date to use for the filing date was when the court received the defective complaint: May 8, 2009.  The Court finds all evidence regarding interaction with the *state* Boulder County District Court irrelevant for purposes of determining when she filed in *federal* court.

[12] *Pro se* litigants are not excused from complying with procedural rules.  *See* Garrett v. Shelby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005).

FURTHER ORDERED that Defendant Gary Locke is dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. It is

FURTHER ORDERED that the Complaint and cause of action are dismissed, the parties to pay their own costs and attorney's fees. It is

FURTHER ORDERED that a separate Judgment shall issue pursuant to Fed. R. Civ. P. 58(a).

DATED at Denver, Colorado, this 15th day of April, 2010.

BY THE COURT:

*/s/ Zita Leeson Weinshienk*
_____
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court